# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LEE ERIC LUMPKINS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:06-CV-195 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on federal prisoner Lee Eric Lumpkins' ("movant") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. The government filed a response to the motion to vacate. Movant did not file a reply memorandum within the time allowed. The Court ordered the government to file a supplemental response to the motion to vacate by May 23, 2008, which was finally filed on July 23, 2008. Movant was granted until August 11, 2008 to file a reply memorandum. That time has passed and movant did not file a reply memorandum. This matter is therefore fully briefed and ready for decision. For the following reasons, movant's motion will be denied in all respects.

**Procedural Background**.

On February 12, 2004, movant was indicted on one count of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1) (Count I), and one count of possession with the intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) (Count II). Movant entered a plea of not guilty to both charges at the time of arraignment. Subsequently, movant entered a guilty plea to Count I of the Indictment pursuant to a plea agreement entered into between the parties. In exchange for movant's plea of guilty to Count I, the Government agreed to dismiss Count II of the Indictment

at the time of sentencing. Sentencing proceedings were held before this Court on February 24, 2005. The Court sentenced movant to a term of imprisonment of forty-eight months on Count I of the Indictment. The Court ordered that this term of imprisonment run concurrent with a term of imprisonment movant had received pursuant to a judgment entered in Docket Number 99CR-450 in the Circuit Court of St. Louis County, Missouri. The Court also imposed a two-year term of supervised release. At the sentencing proceedings, the Government moved to dismiss Count II as it had agreed to do, and this Court granted the motion.

Movant did not appeal his conviction and/or sentence to the Eighth Circuit Court of Appeals. On February 13, 2006, movant timely filed the instant § 2255 motion for post-conviction relief.

**Grounds for Relief**.

Movant asserts five grounds for relief in his § 2255 motion (Doc. 1). Movant asserts that:

(1) he received ineffective assistance of trial counsel as a result of his attorney's failure to "negotiate[] for a lesser sentence at the sentencing phase, and present[] [movant's] plea for mercy, and extenuating circumstance." See § 2255 Motion at 5.

(2) he was deprived of due process of law because the Court erroneously believed the sentencing guidelines were mandatory and sentenced him without realizing its authority to regard the guidelines as being advisory only. See § 2255 Motion at 5.

(3) the "application of 18 U.S.C. § 922(g)(1) to Petitioner is unconstitutional." See § 2255 Motion at 5.

(4) 18 U.S.C. § 922(g)(1) was wrongly applied to movant. See § 2255 Motion at 6.

(5) he received ineffective assistance of counsel "when counsel failed to call to the Court's attention that Petitioner had served 24 months in the Missouri Department of Corrections for possessing the firearm which was the subject of the federal prosecution in this case." See § 2255 Motion at 6a.

**Legal Standard**.

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, the court lacked jurisdiction to impose such a sentence, the sentence exceeded the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). Once a defendant enters a guilty plea, collateral attack under § 2255 is limited to the nature of counsel's advice and the voluntariness of the plea. Bass v. United States, 739 F.2d 405, 406 (8th Cir. 1984) (citing Tollett v. Henderson, 411 U.S. 258, 266 (1973)).

"To establish ineffective assistance of counsel within the context of section 2255, . . . a movant faces a heavy burden." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an ineffective assistance of counsel claim, a movant must show both that counsel's performance was deficient and that he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Under the deficient performance inquiry of Strickland, a court considers whether counsel's performance was reasonable "under prevailing professional norms" and "considering all the circumstances." Burkhalter v. United States, 203 F.3d 1096, 1098 (8th Cir. 2000) (quoting Strickland, 466 U.S. at 688). It is presumed that counsel acted reasonably, and much deference is granted to counsel's performance. Id.; see Parkus v. Bowersox, 157 F.3d 1136, 1139 (8th Cir. 1998).

3

The Strickland standard applies to guilty plea challenges premised upon allegations of ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). To establish a showing of ineffective assistance of counsel, a movant must demonstrate that: (1) counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment"; and (2) counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at 687.

Even if sufficient proof of the first prong exists, relief is warranted only if a movant also establishes that counsel's deficient performance prejudiced the case. Strickland, 466 U.S. at 697. To satisfy the second prong's "prejudice" requirement in the plea context, the movant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. "Because the failure to establish prejudice can be dispositive of a case," this Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." Apfel, 97 F.3d at 1076 (citations omitted). Statements which are self-serving and unsupported by evidence do not establish a basis for relief under section 2255. Id. at 1077. With these standards in mind, the Court will address each of movant's grounds.

**Discussion**.

    A.  *Ground One - Ineffective Assistance of Counsel*

Movant's first ground for relief is that trial counsel was ineffective for failing to negotiate a lesser sentence because: (1) counsel could have let the sentencing Court know about movant's family ties; (2) counsel could have let the Court know that it was allowed to consider a lesser sentence because the Sentencing Guidelines were advisory, and no longer mandatory; and (3) counsel failed

4

to bring to the Court's attention whether movant's sentence should have been adjusted by the length of time he had spent in State prison for essentially the same crime. The claim raised by movant in his fifth ground for relief, which is addressed below, is identical to part (3) of his first ground for relief. Because the Court addresses that claim below in connection with the fifth ground for relief, it does not address part (3) of movant's first ground for relief.

Under the standards set forth above, to prevail on his claim of ineffective assistance of counsel, movant must first establish that his counsel's conduct was constitutionally deficient. Then, movant must show there is a reasonable probability that, had counsel taken these actions, the outcome of his proceedings would have been different.

### (1) Family Ties

Movant cannot establish either prong of the Strickland analysis with respect to his claim concerning family ties. Movant claims that his counsel failed to let the Court know about movant's family ties. Movant fails to state, however, what those family ties are. Movant also fails to explain how, if the Court had been aware of the information, it would have imposed a lesser sentence. The law is clear that mere conclusory statements counsel was ineffective are insufficient to support a claim for ineffective assistance of counsel. See Apfel, 97 F.3d at 1077; Spillers v. Lockhart, 802 F.2d 1007, 1010 (8th Cir. 1986). Therefore, movant's claim should be denied.

### (2) Sentencing Guidelines

Movant's claim of ineffective assistance of counsel with regard to advising the Court as to the advisory capacity of the Sentencing Guidelines is without merit and should also be denied. The government asserted in its initial response that movant was sentenced before Booker was decided, and therefore counsel could not be deemed ineffective for failing to anticipate a rule of law that had

5

yet to be articulated. The government's position was based on factual error, however. The United States Supreme Court issued its decision in United States v. Booker, 543 U.S. 220 (2005), which held that the mandatory U.S. Sentencing Guidelines were unconstitutional, on January 12, 2005. Movant was sentenced on February 24, 2005, almost six weeks after Booker was decided.

In its supplemental response, the government states that as of the time of movant's sentencing in February 2005, Booker's effect on the sentencing guidelines was very widely known, and although the decision was not cited by name during the sentencing proceedings, the transcript "strongly indicates that the sentencing judge not only was aware of the Sentencing Guidelines' advisory nature, but also engaged in a careful consideration of the relevant § 3553 factors--as Booker itself instructed." Supp. Resp. at 2. The government also asserts that movant agreed in the Plea Agreement to waive all post-conviction claims except for prosecutorial misconduct and ineffective assistance of counsel, and therefore should be barred from presenting argument concerning this sentencing issue.

As a threshold matter, this claim asserts ineffective assistance of counsel and is therefore not waived by the terms of the Plea Agreement. On the merits, the record is clear that no Booker error occurred. The Presentence Report shows that movant's Sentencing Guidelines range was fifty-one to sixty-three months. The sentencing transcript reflects that the Court was aware of the Booker decision because it stated, "The guidelines range, even though they aren't mandatory, they are guidelines, from 51 to some 60 months." Sent Tr. at 8 [Doc. 30] in United States v. Lumpkins, No. 4:04-CR-82 CAS. The Court recognized the effect of the Booker decision, as evidenced by its statement that the Guidelines were not mandatory, and by its discussion with counsel concerning the effect of the 18 U.S.C. § 3553(a) factors relevant to movant's sentence.

Further, the Court sentenced movant below the Guidelines range, at forty-eight months. Because the Court sentenced below the Guidelines, it obviously recognized that the Guidelines were advisory. See United States v. Lucas, 258 F. App'x 920, 921 (8th Cir. 2007) (unpublished per curiam) (rejecting Booker claim raised on direct appeal where the district court properly recognized the advisory nature of the Guidelines, as evidenced by the downward variance the defendant received). As a result, any failure of movant's counsel to cite to Booker created no prejudice for movant, because no Booker error was committed. Cf. United States v. McClain, 149 F. App'x 549, 551 (8th Cir. 2005) (failure to cite Blakely or Booker created no prejudice for § 2255 movant where no Booker error was committed; as a result, movant suffered no ineffective assistance of counsel). Therefore, movant's claim of ineffective assistance of counsel regarding this issue should be denied.

B. *Ground Two - Sentencing Guidelines Were Advisory*

In his second ground for relief, movant contends that the Court sentenced him without realizing its authority to regard the Sentencing Guidelines as advisory. More specifically, movant contends:

> When I was sentenced, the sentencing judge beli[e]ved that he had no choice but to follow the Guidelines promulgated by the U.S. Sentencing Commission in imposing sentence in my case. He did not realize the mandatory nature of the sentencing guidelines violated the Sixth Amendment, and that the guidelines were advisory only. Because of his mistaken belief with regard to the sentencing guidelines, a plea of mercy during allocution would have been in vain and fell on deaf ears due to the mistaken belief that the guidelines were mandatory in nature.

§ 2255 Motion at 5.

The Plea Agreement entered into between movant and the government in the underlying criminal case bars movant from raising this issue in a post-conviction motion. In the Plea Agreement, movant agreed to waive all appellate rights and all post-conviction rights, except for claims of

prosecutorial misconduct and ineffective assistance of counsel. Movant's second ground for relief clearly does not fall within either of the two exceptions to movant's waiver. The Plea Agreement was negotiated by both parties. In exchange for movant's waiver of rights, the Government agreed to dismiss Count II of its Indictment, which it did at the time of sentencing. The dismissal of Count II resulted in a significant reduction of movant's sentence. Movant does not suggest that his Plea Agreement should be set aside or is in any way lacking validity.

Agreements by criminal defendants to waive appellate rights and the right to pursue post-conviction relief have been upheld by the Eighth Circuit. See United States v. Morrison, 171 F.3d 567, 568 (8th Cir. 1999); United States v. Michelsen, 141 F.3d 867, 873 (8th Cir. 1998); United States v. His Law, 85 F.3d 379, 379 (8th Cir. 1996). In DeRoo v. United States, the Eighth Circuit stated, "As a general rule, we see no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement context." 223 F.3d 919, 923 (8th Cir. 2000). When a defendant waives his appeal and post-conviction relief rights in a plea agreement, the waiver will be enforced if it was knowingly and voluntarily made. See DeRoo, 223 F.3d at 923 (citing United States v. Goings, 200 F.3d 539, 543 (8th Cir. 2000)). Movant's waiver of post-conviction rights should be upheld as well. Therefore, movant's second ground for relief should be denied as barred by the Plea Agreement.[1]

C. *Ground Three - Unconstitutionality of 18 U.S.C. § 922(g)(1)*

In his third ground for relief, movant argues that the statute under which he was convicted is unconstitutional as applied to him:

---

[1] Moreover, as discussed above in section (A)(2) of this Memorandum and Order, the Court was aware that the Guidelines were advisory, and sentenced movant under advisory Guidelines. Therefore, this claim would fail on the merits even if it were not barred by the Plea Agreement.

8

> The provisions of 18 U.S.C. § 922(g)(1) to Petitioner is unconstitutional because Petitioner did not possess the firearm in or affection [sic] interstate commerce. As a consequence, his possession was not within the reach of the Federal statute which requires the possession to be in or affecting interstate commerce. The possession of a firearm which had once traveled in interstate commerce is insufficient on which to premise federal jurisdiction because the nexus with interstate commerce had been far too attenuated.

See § 2255 Motion at 5.

For the reasons discussed above, movant's third ground for relief is barred by the waiver contained in the Plea Agreement negotiated by the parties and entered into by the parties, because it does not assert a claim of prosecutorial misconduct or ineffective assistance of counsel. Therefore, the third ground for relief should be denied.

D. *Ground Four - No Evidence of Firearm's Transport in Interstate Commerce*

In his fourth ground for relief, movant argues that 18 U.S.C. § 922(g)(1) was wrongly applied to him. Movant states, "Even if the application of the statute to Petitioner were otherwise correct, there was no evidence the firearm had been transported in interstate commerce after Petitioner had initially sustained a disqualifying felony conviction." See § 2255 Motion at 6.

For the reasons discussed above, movant's fourth ground for relief is barred by the waiver contained in the Plea Agreement negotiated by the parties and entered into by the parties, because it does not assert a claim of prosecutorial misconduct or ineffective assistance of counsel. Therefore, the fourth ground for relief should be denied.

E. *Ground Five - Ineffective Assistance of Trial Counsel*

In the fifth ground for relief, movant asserts that he received ineffective assistance of counsel when trial counsel failed to call to the Court's attention that movant had served twenty-four months

in the Missouri Department of Corrections ("MDOC") for possessing the firearm which was the subject of the federal prosecution in his case.

Specifically, movant alleges that at the time he was sentenced in this case for the possession of a firearm in violation of § 922(g), he had been required to serve twenty-four months in the custody of the MDOC for the same offense. Movant states that at the time he possessed the firearm, he was on state parole and the firearm possession was a violation of the conditions of his Missouri parole as well as a violation of the provisions of § 922(g). Because of movant's possession of the firearm, Missouri authorities revoked his parole and ordered him returned to the MDOC, where he remained in custody for a period of twenty-four months. Movant asserts that the Court could have reduced his forty-eight month sentence by the twenty-four months he spent in the MDOC for the same conduct.

Movant asserts that the ineffective assistance of his counsel resulted in the Court not considering whether to adjust the sentence by subtracting from the federal sentence the twenty-four months of confinement movant served in the MDOC as a result of possessing the same firearm. Movant asserts that he was prejudiced by counsel's failure to seek the adjustment because it meant that he had to serve a longer sentence than necessary. Movant also asserts that his counsel had the duty to seek to mitigate the punishment he would receive for his guilty plea to the charge of possessing the firearm in violation of § 922(g).

In its supplemental response, the government states that under 18 U.S.C. § 3585(b), a defendant may receive a credit for time spent in official detention only if that time "has not been credited against another sentence," citing United States v. Kiefer, 20 F.3d 874, 876 n.1 (8th Cir. 1994) (quoting United States v. Dennis, 926 F.2d 768, 770 (8th Cir. 1991)). The government asserts

that movant received credit for his time in state custody on the parole violation that arose from his possession of the firearm, and therefore that time may not be credited toward his federal sentence.

The government explains that movant was serving time in state custody for violating the conditions of his state parole by possessing a firearm, whereas in federal court, movant was convicted and sentenced as a felon in possession of a firearm. The government states that although the state parole violation resulted from the same underlying conduct, possession of a firearm, the offenses are distinct offenses for sentencing purposes and movant may not receive double credit for the state detention time, citing Potwin v. Sanders, 231 F. App'x 538, 539 (8th Cir. 2007) ("We agree with the district court that Potwin's argument fails because the time at issue had been credited by the State of Texas to his state parole-violation sentence and may not be double counted."). The government further responds that it is the United States Attorney General, through the Bureau of Prisons, and not the district court, that has the authority to award credit under § 3585(b) for time served. See id.; United States v. Moore, 978 F.2d 1029, 1031 (8th Cir. 1992) ("[U]nder section 3585(b), the appropriate credit for time spent in official detention is to be determined by the United States Attorney General after the criminal defendant has begun to serve his sentence rather than by a federal district court at the time of sentencing."). The government concludes that because movant was not entitled to credit, his attorney could not have been ineffective for failing to pursue this argument.

The Court agrees with the government. Movant asserts in his motion that he was on parole for a state offense at the time of the firearms offense. Movant's state parole was revoked because of the firearms offense, and he served twenty-four months following revocation and was credited for that time in the state system. Movant's ground appears to misunderstand the nature of the parole revocation that occurred in the state court. The Supreme Court has explained that a probation

violation charge does not accuse an individual with having committed a criminal offense in the sense of initiating a prosecution. See Carchman v. Nash, 473 U.S. 716, 725 (1985). While a probation violation charge might be based on the commission of a criminal offense, as in this case, it does not result in the probationer's being "prosecuted" or "brought to trial" for that offense. Id. A probation violation charge generally will be based on the criminal offense for which the probationer already was tried and convicted and is serving or has served a sentence, id., which in this case was movant's state-court conviction in Case No. 99CR-450 in the Circuit Court of St. Louis County, Missouri

Movant was sentenced to forty-eight months in the federal system for the firearms offense. Under 18 U.S.C. § 3585(b), movant could receive credit for the twenty-four months spent in the MDOC on the parole revocation only if that time was not credited against another sentence. The twenty-four months served in the MDOC was credited to movant's underlying state sentence. As a result, it could not be credited to the federal sentence. See Potwin, 231 F. App'x at 539. Moreover, a determination of entitlement to credit for time served is a matter for the BOP, not the court at sentencing. See Moore, 978 F.2d at 1031.

Movant cannot establish that he suffered any prejudice as a result of his attorney's failure to call to the Court's attention that he served twenty-four months in the Missouri Department of Corrections for possessing the firearm which was the subject of the federal prosecution, because movant has not shown that he was not entitled to such a credit at sentencing for the reasons discussed above. Further, an attorney does not render ineffective assistance by failing to pursue meritless claims or raising meritless objections. Thomas v. United States, 951 F.2d 902, 904 (8th Cir. 1991) (per curiam). Movant therefore fails to meet his burden to show both that counsel's performance was deficient and that he was prejudiced by the deficient performance. See McReynolds, 208 F.3d at 722.

**Certificate of Appealability**.

Motions to vacate, set aside, or correct sentences pursuant to 28 U.S.C. § 2255 filed after April 24, 1996 are subject to the AEDPA's requirement that a movant must obtain a certificate of appealability. See 28 U.S.C. § 2253(c)(1). The Court finds that movant has not made (1) a substantial showing of the denial of a constitutional right, such that reasonable jurists would find the Court's assessment of the constitutional claims debatable, or that the issues presented were adequate to deserve encouragement to proceed further, Miller-El v. Cockrell, 537 U.S. 322, 336 (2003), or (2) a showing that reasonable jurists would find it debatable whether the Court's procedural rulings are correct, and therefore this Court will not issue a certificate of appealability. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

**Conclusion**.

For the foregoing reasons, the Court concludes that movant Lee Eric Lumpkins' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 should be denied in all respects.

Accordingly,

**IT IS HEREBY ORDERED** that movant's Motion Under 28 U.S.C. § 2255 is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that no certificate of appealability will issue.

An appropriate judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this 19th day of August, 2008.